The **COMMONWEALTH OF PUERTO RICO, represented by the Honorable Secretary of Public Works, Plaintiff,**

v.

**Acquisition of 3.8856 CUERDAS IN the JUAN SÁNCHEZ BARRIO OF the MUNICIPALITY OF BAYAMON, Puerto Rico, and Bestov Broadcasting Inc. of Puerto Rico; United Federal Savings & Loan Association of Puerto Rico; Enrique Cruz García, The Federal Savings & Loan Association of Puerto Rico; John Doe and Richard Roe, Defendants.**
**Civ. No. 876–67.**

United States District Court
D. Puerto Rico.
July 2, 1968.

William E. Naveira, Atty. Dept. of Justice, San Juan, P. R., for plaintiff.

Victor Gonzalez Mangual, San Juan, P. R., for defendants.

## ORDER

FERNANDEZ-BADILLO, District Judge.

The Commonwealth of Puerto Rico instituted condemnation proceedings in the Superior Court of Puerto Rico, Condemnations Section, in accordance with the power conferred to it by state law. Bestov Broadcasting Inc., one of the defendants, filed a Petition for Removal alleging that various matters which constitute federal questions are present in this case. The Commonwealth brought a Motion to Dismiss the Petition for Removal, considered by the Court as a Motion to Remand, in which it is alleged that jurisdiction is invoked solely on the ground that defendant operates a radio station by authorization of the Federal Communications Commission, which by itself, is insufficient to give federal question jurisdiction.

An enlightening discussion of this controversy is found in 7 Moore's Federal Practice, 2nd Edition, § 71A.11, p. 2759, the pertinent part of which reads as follows:

"In a few situations a condemnor has been accorded both federal and state power of eminent domain. Although this dual power has been accorded, if the condemnor predicates its cause of action on state power there is neither original nor removal jurisdiction on the basis of a general federal question. Both original and removal jurisdiction, if any, must be predicated upon diversity of citizenship as in the situation where the condemnor has been accorded only the state power of eminent domain.

"In the bulk of situations where the condemnor is accorded the power of eminent domain under state law he will not also be possessed of any federal power; and hence his cause of action will be based solely on state law. In such a case jurisdiction must normally be predicated upon diversity of citizenship, although there may be exceptional situations where jurisdiction may be grounded on some other basis."

It is significant that Bestov Broadcasting, Inc. alleged in its petition for removal that WIAC the radio station which it operates, "has informed The Commonwealth of Puerto Rico's Government of the aforementioned circumstances and has repeatedly held conferences with said authorities in order to obtain a fair and just retribution for all expenses necessary in order to allow the Commonwealth the use of the land and permitting WIAC to, at the same time comply with all its obligations. The Commonwealth's Government has refused at all times to compensate WIAC in a proper manner or taken any steps which will permit WIAC to comply with its obligations towards the Federal Communications Commission as well as to the National Civil Defense authorities."

The Court, having heard oral argument offered by counsel for both parties and having considered the memoranda filed, finds that the controversy herein turns upon the matter of adequate compensation, and consequently lacks jurisdiction to entertain this controversy.

It is hereby ordered that the case be remanded to the Superior Court, Condemnations Section, of the Commonwealth of Puerto Rico from which it was improperly removed.